NUMBER 13-07-00597-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

VICKI ROY, INDIVIDUALLY AND

D/B/A VICKI ROY HOME HEALTH CARE, INC., Appellant,


v.



HEWLETT-PACKARD COMPANY, Appellee. 

 

_____________________________________________________________


On Appeal from the 357th District Court 


of Cameron County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion Per Curiam


 Appellant, Vicki Roy, individually and d/b/a Vicki Roy Home Health Care, Inc.,
attempted to perfect an appeal from a judgment entered by the 357th District Court of
Cameron County, Texas, in cause number 2004-07-3389-E. Judgment in this cause was
signed on June 21, 2007. A motion for new trial was filed on July 20, 2007. Pursuant to
Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on
September 19, 2007, but was not filed until September 20, 2007. 

 A motion for extension of time is necessarily implied when an appellant, acting in
good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the
fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. See
Verburgt v. Dorner, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to
Rule 26). However, appellant must provide a reasonable explanation for the late filing: it
is not enough to simply file a notice of appeal. Id.; Woodard v. Higgins, 140 S.W.3d 462,
462 (Tex. App.-Amarillo 2004, no pet.); In re B.G., 104 S.W.3d 565, 567 (Tex. App.-Waco
2002, no pet.).

 On October 9, 2007, the Clerk of this Court notified appellant of this defect so that
steps could be taken to correct the defect, if it could be done. Appellant was advised that,
if the defect was not corrected within ten days from the date of receipt of this Court's letter,
the appeal would be dismissed. To date, no response has been received from appellant
providing a reasonable explanation for the late filing of the notice of appeal.

 The Court, having examined and fully considered the documents on file, appellant's
failure to timely perfect her appeal, and appellant's failure to respond to this Court's notice,
is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly,
the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App. P.
42.3(a)(c).

 PER CURIAM

Memorandum Opinion delivered and

filed this the 20th day of December, 2007.