

NUMBERS 13-08-00109-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ANTONIO SALINAS, JR. AND
SAN JUANA SALINAS, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVES
OF THE ESTATE OF TIFFANY MARIE SALINAS,
DECEASED,                                                    Appellants,

v.

JOHN W. KRISTENSEN, M.D.,                               Appellee.

---

On Appeal from the 197th District Court
of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Rodriguez**
**Memorandum Opinion Per Curiam**

Appellants, Antonio Salinas, Jr, and San Juana Salinas, Individually and as personal

representatives of the Estate of Tiffany Marie Salinas, Deceased, attempted to perfect an

appeal from an order entered by the 197th District Court of Cameron County, Texas, in cause number 2007-07-3647-C. Judgment in this cause was signed on October 23, 2007. A motion for new trial was filed on November 20, 2007, an amended motion for new trial was filed on January 22, 2008, and notice of appeal was filed on February 11, 2008.

The notice of appeal states the "trial court subsequently modified its October 23, 2007, judgment and reentered judgment in this cause of action on November 20, 2007," however, the clerk's record does not contain a final judgment entered on November 20, 2007, in cause number 2007-07-3647-C. The supplemental clerk's record contains a final judgment entered on November 30, 2007, but it references a different cause number.

Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on January 21, 2008, but was not filed until February 11, 1008. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On May 15, 2008, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter,

the appeal would be dismissed. To date, no response has been received from appellants providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect his appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Memorandum Opinion delivered and
filed this 25th day of August, 2008.