

# NUMBER 13-08-00458-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE T. SANDOVAL D/B/A
OJ'S QUICK STOP AND
SANDOVAL ENTERPRISES, INC.,                                    Appellant,

v.

WRIGHT PETROLEUM COMPANY, INC.,                                Appellee.

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion Per Curiam**

Appellant, Jose T. Sandoval d/b/a OJ's Quick Stop and Sandoval Enterprises, Inc.,

attempted to perfect an appeal from a judgment entered by the County Court at Law No.

6 of Hidalgo County, Texas, in cause number CL-40,479-F. Judgment in this cause was

signed on April 29, 2008. A motion for new trial was filed on May 29, 2008. Pursuant to

Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on July 28, 2008, but was not filed until July 29, 2008.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On August 1, 2008, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 23rd day of October, 2008.

2