NUMBER 13-08-00538-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

RODOLFO RENTERIA, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On appeal from the 107th District Court of Cameron County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Rodriguez and Benavides


Memorandum Opinion Per Curiam


 Appellant, Rodolfo Renteria, pro se, attempted to perfect an appeal from a judgment
entered by the 107th District Court of Cameron County, Texas, in cause number
2007-10-5404-A. Judgment in this cause was signed on July 29, 2008. Pursuant to Texas
Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on August 28,
2008, but was not filed until September 9, 2008. 

 A motion for extension of time is necessarily implied when an appellant, acting in
good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the
fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. See
Verburgt v. Dorner, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to
Rule 26). However, appellant must provide a reasonable explanation for the late filing: it
is not enough to simply file a notice of appeal. Id.; Woodard v. Higgins, 140 S.W.3d 462,
462 (Tex. App.-Amarillo 2004, no pet.); In re B.G., 104 S.W.3d 565, 567 (Tex. App.-Waco
2002, no pet.). 

 On September 17, 2008, the Clerk of this Court notified appellant of this defect so
that steps could be taken to correct the defect, if it could be done. Appellant was advised
that, if the defect was not corrected within ten days from the date of receipt of this Court's
letter, the appeal would be dismissed. To date, no response has been received from
appellant.

 The Court, having examined and fully considered the documents on file, appellant's
failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice,
is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly,
the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App. P.
42.3(a)(c).

 PER CURIAM

Memorandum Opinion delivered and

filed this the 22nd day of January, 2009.