

**NUMBER 13-09-00003-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**CLYDE NUBINE,** **Appellant,**

**v.**

**KAREN M. STROLENY, ET AL.,** **Appellees.**

---

**On appeal from the 156th District Court of Bee County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez, and Justices Yañez and Benavides**
**Memorandum Opinion Per Curiam**

Appellant, Clyde Nubine, attempted to perfect an appeal from a judgment entered by the 156th District Court of Bee County, Texas, in cause number B-08-1345-CV-B. Judgment in this cause was signed on November 10, 2008. Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on December 10, 2008, but was not filed until January 5, 2009.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On January 6, 2009, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant filed a response, however, it does not establish that the notice of appeal and a motion requesting an extension of time was filed within the fifteen-day grace period.

The Court, having examined and fully considered the documents on file, and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* Tex. R. App. P. 42.3(a)(c).

PER CURIAM

Memorandum Opinion delivered and filed
this the 26th day of February, 2009.