

# NUMBER 13-09-00665-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JOSEPH HANSLER, TOBIN HANSLER TRUST,
AND TARA HANSLER TRUST,                          Appellants,

v.

MICHAEL WILLIAMS, JOSEPH P. WENDT,
KIM COX, PAUL KRATZIG, AND
PURDUE INVESTMENTS, INC.,                         Appellees.

---

## On appeal from the 105th District Court
## of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion Per Curiam

Appellants, Joseph Hansler, Tobin Hansler Trust, and Tara Hansler Trust, attempted to perfect an appeal from a judgment entered by the 105th District Court of Nueces County, Texas, in cause number 08-5232-D. Judgment in this cause was signed

on August 18, 2009. A motion for new trial was filed on July 20, 2007[1]. Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on November 16, 2009, but was not filed until December 9, 2009.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On December 11, 2009, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellants responded by filing a motion for leave to file notice of appeal which was granted by this Court. On January 20, 2010, appellees filed a motion for rehearing as to the Court's granting of appellants' motion for leave to file notice of appeal and a motion to dismiss appeal for lack of jurisdiction.

The Court hereby GRANTS appellees' motion for rehearing as to the Court's granting of appellant's motion for leave to file notice of appeal. Appellants' notice of appeal

---

[1]The motion for new trial was filed under the original cause number 08-5232-D and not severed cause number 09-4460-D.

was not filed within the fifteen-day grace period.[2]   Accordingly, this Court  improvidently granted appellants' motion for leave to file notice of appeal and hereby withdraws its prior ruling.

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect the appeal, appellants' motion for leave to file notice of appeal and appellees' motion to dismiss appeal for lack of jurisdiction, is of the opinion that the appeal should be dismissed for want of jurisdiction.  Appellees' motion to dismiss appeal for lack of jurisdiction is GRANTED.  Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.  *See* TEX. R. APP. P. 42.3(a)(c).


PER CURIAM

Delivered and filed the
25th day of February, 2010.

---

[2] Even if appellant had intended to appeal severed cause number 09-4460-D, appellants' notice of appeal would have been due on November 17, 2009.  The notice of appeal was filed on December 9, 2009, outside the fifteen day grace period.

3