NUMBER 13-10-00027-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
______________________________________________________________
 
LUANA GRUETZMACHER AND 
CURTIS GRUETZMACHER,                                                       Appellants,

v.

DUKE ENERGY FIELD SERVICES, L.P., 
NOW KNOWN AS DCP MIDSTREAM, L.P.,                                Appellee. 
_____________________________________________________________

On appeal from the 135th District Court 
of Goliad County, Texas.
______________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion Per Curiam

          Appellants, Luana Gruetzmacher and Curtis Gruetzmacher, attempted to perfect an
appeal from a judgment entered by the 135th District Court of Goliad County, Texas, in
cause number 07-1-9145-CV. Judgment in this cause was signed on September 21, 2009.
A motion to reconsider was filed on October 19, 2009. Pursuant to Texas Rule of
Appellate Procedure 26.1, appellant’s notice of appeal was due on December 21, 2009,
but was not filed until January 18, 2010. 
          A motion for extension of time is necessarily implied when an appellant, acting in
good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the
fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. See
Verburgt v. Dorner, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to
Rule 26). However, appellant must provide a reasonable explanation for the late filing: it
is not enough to simply file a notice of appeal. Id.; Woodard v. Higgins, 140 S.W.3d 462,
462 (Tex. App.–Amarillo 2004, no pet.); In re B.G., 104 S.W.3d 565, 567 (Tex. App.–Waco
2002, no pet.). 
          On February 1, 2010, the Clerk of this Court notified appellants of this defect so that
steps could be taken to correct the defect, if it could be done. Appellants were advised
that, if the defect was not corrected within ten days from the date of receipt of this Court’s
letter, the appeal would be dismissed. To date, no response has been received from
appellants providing a reasonable explanation for the late filing of the notice of appeal. 
Appellee has filed a motion to dismiss for want of jurisdiction.
          The Court, having examined and fully considered the documents on file, appellants’
failure to timely perfect the appeal, and appellants’ failure to respond to this Court’s notice,
is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly,
appellee’s motion to dismiss is GRANTED and the appeal is hereby DISMISSED FOR
WANT OF JURISDICTION. See Tex. R. App. P. 42.3(a)(c).
 
                                                                                                 PER CURIAM
Delivered and filed the
4th day of March, 2010.