

NUMBER 13-10-00050-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LUCIANO HERNANDEZ, JR.,                                                    Appellant,

v.

PANKAJKUMAR G. SHAH, M. D.
A/K/A PANKAJ G. SHAH, M. D. AND
SHAH EYE CENTER, P. A.,                                                    Appellee.

**On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion Per Curiam**

Appellant, Luciano Hernandez, Jr., attempted to perfect an appeal from a judgment

entered by the County Court at Law No. 6 of Hidalgo County, Texas, in cause number CL-

05-1749-F. Judgment in this cause was signed on September 30, 2009. A motion for new

trial was filed on October 30, 2009. Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on December 29, 2009, but was not filed until January 6, 2010.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On February 9, 2010, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the 8th
day of April, 2010.

2