

**NUMBER 13-10-00299-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DOLORES MUNOZ AND DAN VILLEGAS,**                     **APPELLANTS,**

**v.**

**ESTEBAN FERNANDEZ MACIAS, ET AL.,**                  **APPELLEES.**

**On Appeal from the 138th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion Per Curiam**

Appellant, Dolores Munoz and Dan Villegas, attempted to perfect an appeal from a judgment entered by the 138th District Court of Cameron County, Texas, in cause number 2007-10-4906-B. Judgment in this cause was signed on February 18, 2010. A motion for new trial was filed on March 19, 2010. Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on May 19, 2010. On May 25,

2010, appellants filed a motion for extension of time to file notice of appeal. Appellees, Esteban Fernandez Macias, Maria Eugenia V. de Fernandez and Hinojosa & Phillips, Ltd., are opposed to an extension of time to file notice of appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

Although appellants filed a motion for extension of time, they failed to comply with Rule 26.3 because they did not file a notice of appeal within the fifteen-day grace period. More than fifteen days has elapsed from May 19, 2010, and no notice of appeal has been filed. Appellants' motion for extension of time to file notice of appeal is hereby DENIED. The Court, having examined and fully considered the documents on file and appellants' failure to timely perfect their appeal, is of the opinion that the appeal should be dismissed

2

for want of jurisdiction.   Accordingly, the appeal is hereby DISMISSED FOR WANT OF

JURISDICTION.   *See* Tᴇx. R. Aᴘᴘ. P. 42.3(a).


PER CURIAM

Delivered and filed the
15th day of July, 2010.