NUMBER
13-10-00034-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


___________________________________________________________

 

MONTEMAYOR HANSON
GARCIA 

VILLAFRANCO &
ASSOCIATES, 

A PARTNERSHIP,                                                                           Appellant,

 

                                                             v.

 

ARTURO MARTINEZ AND
ROSA MARTINEZ,                          Appellees,         

____________________________________________________________

 

                             On
Appeal from the 197th District Court 

                                       of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

Before Chief Justice Valdez and Justices
Yañez and Garza

Memorandum Opinion
Per Curiam

 








Appellant,
Montemayor Hanson Garcia Villafranco & Associates, a Partnership, attempted
to perfect an appeal from a judgment entered by the 197th District Court of
Cameron County, Texas, in cause number 2006-04-1631-C.  Judgment in this cause
was signed on August 5, 2009.  A motion for new trial was filed on September 3,
2009. 2007.  Appellant’s notice of appeal states that the appeal is from the trial
court’s denial of a motion for new trial and the granting of defendant’s
summary judgment signed on November 16, 2009.[1] 
The notice of appeal and accompanying certificate of service is dated December
14, 2009.

Texas
Rule of Appellate Procedure 26.1 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the judgment is signed, unless
a motion for new trial is timely filed. 
Tex. R. App. P. 26.1(a)(1).  Where a timely motion for new trial has
been filed, notice of appeal shall be filed within ninety days after the judgment
is signed.  Tex. R. App. P. 26.1(a). 


A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen‑day grace period provided by Rule 26.3 for filing
a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617‑18, 619 (1997) (construing the predecessor to Rule 26).  However,
appellant must provide a reasonable explanation for the late filing: it is not
enough to simply file a notice of appeal.  Id.; Woodard v. Higgins,
140 S.W.3d 462, 462 (Tex. App.BAmarillo 2004, no pet.); In re B.G.,
104 S.W.3d 565, 567 (Tex. App.BWaco 2002, no pet.).

Pursuant
to Texas Rule of Appellate Procedure 26.1, appellant=s notice of appeal was due on November 3, 2009, but was
not filed until December 29, 2009.  On February 18, 2010, the Clerk of this
Court notified appellant of this defect so that steps could be taken to correct
the defect, if it could be done. Appellant was advised that, if the defect was
not corrected within ten days from the date of receipt of this Court=s letter, the appeal would be dismissed.  Appellant
responded, stating “in early December, is when I recall sending the notice. 
Hopefully, I will be able to show the exact dates.”  

Additionally,
appellant has filed a “Motion for Extension of Time to Late File Motion for
Leave to File Late Notice of Appeal” and “Motion for Leave to File Late the
Notice of Appeal.”  In these motions, appellant states that the notice of
appeal was mailed to the district clerk and there is a record of a notice of
appeal, however, it was not marked until about three weeks after it was
received.  Appellant is requesting that the Court accept the notice of appeal
as filed timely.

Although
appellant has responded with an explanation regarding his late filing of the
notice of appeal, appellant’s notice of appeal was filed beyond the fifteen-day
grace period provided by rule 26.3.  Appellant asserts he mailed the notice of
appeal and it was not file marked until three weeks later, however appellant
has not provided any measure of proof that his notice of appeal was placed in
the United States mail on or before November 18, 2009.[2] 
See Tex. R. App. P. 9.2(b)(2).  

The
Court, having examined and fully considered the documents on file and appellant=s failure to timely perfect his appeal, is of the opinion
that the appeal should be dismissed for want of jurisdiction. Appellant’s
“Motion for Extension of Time to Late File Motion for Leave to File Late Notice
of Appeal” and “Motion for Leave to File Late the Notice of Appeal” are hereby
DENIED.  Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. 
See Tex. R. App. P.
42.3(a).

 

PER CURIAM

Delivered and filed the 

31st day of August, 2010. 









[1] The only order entered by the trial
court on November 16, 2009, was an Order Denying Motion for New Trial.





[2] Notice of appeal was due on November 3, 2009, and the
fifteen-day grace period ended on November 18, 2009.