

NUMBER 13-10-00034-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MONTEMAYOR HANSON GARCIA
VILLAFRANCO & ASSOCIATES,
A PARTNERSHIP,                                                    Appellant,

v.

ARTURO MARTINEZ AND ROSA MARTINEZ,                               Appellees,

On Appeal from the 197th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion Per Curiam**

Appellant, Montemayor Hanson Garcia Villafranco & Associates, a Partnership, attempted to perfect an appeal from a judgment entered by the 197th District Court of Cameron County, Texas, in cause number 2006-04-1631-C. Judgment in this cause was signed on August 5, 2009. A motion for new trial was filed on September 3, 2009. 2007. Appellant's notice of appeal states that the appeal is from the trial court's denial of a motion for new trial and the granting of defendant's summary judgment signed on

November 16, 2009.[1]  The notice of appeal and accompanying certificate of service is dated December 14, 2009.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.1(a)(1).  Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed.  TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26).  However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal.  *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on November 3, 2009, but was not filed until December 29, 2009.  On February 18, 2010, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed.  Appellant responded, stating "in early December, is when I recall sending the notice.  Hopefully, I will be able to show the exact dates."

---

[1] The only order entered by the trial court on November 16, 2009, was an Order Denying Motion for New Trial.

Additionally, appellant has filed a "Motion for Extension of Time to Late File Motion for Leave to File Late Notice of Appeal" and "Motion for Leave to File Late the Notice of Appeal." In these motions, appellant states that the notice of appeal was mailed to the district clerk and there is a record of a notice of appeal, however, it was not marked until about three weeks after it was received. Appellant is requesting that the Court accept the notice of appeal as filed timely.

Although appellant has responded with an explanation regarding his late filing of the notice of appeal, appellant's notice of appeal was filed beyond the fifteen-day grace period provided by rule 26.3. Appellant asserts he mailed the notice of appeal and it was not file marked until three weeks later, however appellant has not provided any measure of proof that his notice of appeal was placed in the United States mail on or before November 18, 2009.[2] See TEX. R. APP. P. 9.2(b)(2).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant's "Motion for Extension of Time to Late File Motion for Leave to File Late Notice of Appeal" and "Motion for Leave to File Late the Notice of Appeal" are hereby DENIED. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
31st day of August, 2010.

---

[2] Notice of appeal was due on November 3, 2009, and the fifteen-day grace period ended on November 18, 2009.

3