NUMBER
13-10-00433-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


___________________________________________________________

 

WILLIAM G. HOLLOWAY,                                                      APPELLANT,

 

                                                             v.

 

IRMA CANTU HOLLOWAY,                                                      APPELLEE.
        

____________________________________________________________

 

                          On
Appeal from the 444th District Court 

                                      of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

Before Justices Yañez, Garza, and Benavides

Memorandum Opinion
Per Curiam

 








Appellant,
William G. Holloway, attempted to perfect an appeal from a judgment entered by
the 444th District Court of Cameron County, Texas, in cause number 1988-12-7528-H. 
Judgment in this cause was signed on March 29, 2010.  A motion for new trial
was filed on April 28, 2010.  Pursuant to Texas Rule of Appellate Procedure
26.1, appellant=s notice of appeal was due on June 28,
2010, but was not filed until July 26, 2010.   

Texas
Rule of Appellate Procedure 26.1 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the judgment is signed, unless
a motion for new trial is timely filed. 
Tex. R. App. P. 26.1(a)(1).  Where a timely motion for new trial has
been filed, notice of appeal shall be filed within ninety days after the judgment
is signed.  Tex. R. App. P. 26.1(a). 


A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen‑day grace period provided by Rule 26.3 for filing
a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617‑18, 619 (1997) (construing the predecessor to Rule 26).  However,
appellant must provide a reasonable explanation for the late filing: it is not
enough to simply file a notice of appeal.  Id.; Woodard v. Higgins,
140 S.W.3d 462, 462 (Tex. App.BAmarillo 2004, no pet.); In re B.G.,
104 S.W.3d 565, 567 (Tex. App.BWaco 2002, no pet.).

On
August 4, 2010, the Clerk of this Court notified appellant of this defect so
that steps could be taken to correct the defect, if it could be done.  Appellant
was advised that, if the defect was not corrected within ten days from the date
of receipt of this Court=s letter, the appeal would be
dismissed.  Appellant responded by filing an “Amended Motion to Cure Defect is Notice
of Appeal,” stating that appellant did not know whether a motion for new trial
was granted until July 23, 2010, when he went to the District Clerk’s office. 
Appellant asserts that the earliest he could have filed a notice of appeal was
within ninety days of that date and by filing his notice of appeal within those
ninety days, he has effectively cured any defect in his notice of appeal. 
Appellee has filed a motion to dismiss for want of jurisdiction, notice of
defect in notice of appeal that cannot be corrected, and response to motion to
cure defect.

Although
appellant has responded with an explanation regarding filing the notice of
appeal, appellant’s notice of appeal was filed beyond the fifteen-day grace
period provided by rule 26.3.  The Court, having examined and fully considered
the documents on file and appellant=s failure to timely perfect his
appeal, is of the opinion that the appeal should be dismissed for want of
jurisdiction.  Appellant’s amended motion to cure defect is DENIED.  Appellee’s
motion to dismiss for want of jurisdiction is GRANTED.  Accordingly, the appeal
is hereby DISMISSED FOR WANT OF JURISDICTION.  See Tex. R. App. P. 42.3(a).  

 








PER
CURIAM

Delivered and filed the 

21st day of October, 2010.