NUMBER
13-10-00628-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


___________________________________________________________

 

MICHAEL A. FLORES, M.
D.,                                                      Appellant,

 

                                                             v.

 

PLATA PROPERTIES, INCORPORATED,                                  Appellee.
        

____________________________________________________________

 

                     On
appeal from the County Court at Law No. 2

                                       of
Hidalgo County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

Before Justices Garza, Benavides, and
Vela

Memorandum Opinion
Per Curiam

 








Appellant,
Michael A. Flores, M.D., attempted to perfect an appeal from a judgment entered
by the County Court at Law No. 2 of Hidalgo County, Texas, in cause number CL-09-1895-B. 
Judgment in this cause was signed on July 2, 2010.  A motion for new trial was
filed on July 30, 2010.  Pursuant to Texas Rule of Appellate Procedure 26.1,
appellant=s notice of appeal was due on September
30, 2010, but was not filed until October 15, 2010.   

Texas
Rule of Appellate Procedure 26.1 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the judgment is signed, unless
a motion for new trial is timely filed. 
Tex. R. App. P. 26.1(a)(1).  Where a timely motion for new trial has
been filed, notice of appeal shall be filed within ninety days after the judgment
is signed.  Tex. R. App. P. 26.1(a). 


A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen‑day grace period provided by Rule 26.3 for filing
a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617‑18, 619 (1997) (construing the predecessor to Rule 26).  However,
appellant must provide a reasonable explanation for the late filing: it is not
enough to simply file a notice of appeal.  Id.; Woodard v. Higgins,
140 S.W.3d 462, 462 (Tex. App.BAmarillo 2004, no pet.); In re B.G.,
104 S.W.3d 565, 567 (Tex. App.BWaco 2002, no pet.).

On
November 16, 2010, the Clerk of this Court notified appellant of this defect so
that steps could be taken to correct the defect, if it could be done.  Appellant
was advised that, if the defect was not corrected within ten days from the date
of receipt of this Court=s letter, the appeal would be
dismissed.  To date, no response has been received from appellant providing a
reasonable explanation for the late filing of the notice of appeal.

         The
Court, having examined and fully considered the documents on file, appellant=s failure to timely perfect his appeal, and appellant=s failure to respond to this Court=s notice, is of the opinion that the appeal should be
dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED
FOR WANT OF JURISDICTION.  See Tex.
R. App. P. 42.3(a)(c).

 








PER
CURIAM

Delivered and filed the 

6th day of January, 2011.