

NUMBER 13-11-00184-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MEZA SIERRA ENTERPRISES, INC.
AND VALDEMAR MEZA,                                          Appellants,

v.

KINGDOM FRESH PRODUCE, INC.,                               Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion Per Curiam**

Appellants, Meza Sierra Enterprises, Inc. and Valdemar Meza, attempted to perfect an appeal from a judgment entered by the 92nd District Court of Hidalgo County, Texas, in cause number C-1990-09-A. We dismiss for want of jurisdiction.

A notice of appeal was filed on April 5, 2011. On April 14, 2011, the Clerk of this Court notified appellants that the notice of appeal was not in compliance with Texas Rule of Appellate Procedure 25.1(d)(2) because the notice of appeal gave a procedural background listing numerous motions and orders, but did not state the date of the judgment or order appealed from. In response, appellants filed a "Supplement to Notice of Appeal" stating that the judgment or order appealed from was originally signed on April 19, 2010, and that "[t]he deadline to appeal was extended by several motions and mandamus petitions indicated in the Notice of Appeal."

On May 3, 2011, the Clerk of this Court notified appellants that the appeal did not appear to have been timely perfected and that steps needed to be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellants providing a reasonable explanation for the late filing of the notice of appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when a notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, the notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the

predecessor to Rule 26).   However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal.   *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

Appellants' notice of appeal, filed almost twelve months after a final judgment was entered was untimely, and accordingly, we lack jurisdiction over the appeal.   The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.   *See* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court's jurisdiction).

The Court, having examined and fully considered the documents on file and appellants' failure to timely perfect their appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction.   Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.   *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
16th day of June, 2011.

3