

# NUMBER 13-11-00180-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

DORA BELIA HERNANDEZ, **Apellant,**

**v.**

LUIS GERARDO BARRAGAN, **Appellee.**

---

### On appeal from the 449th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion Per Curiam**

Appellant, Dora Belia Hernandez, attempted to perfect an appeal from a judgment entered by the 449th District Court of Hidalgo County, Texas, in cause number F-1091-08-K. Judgment in this cause was signed on December 22, 2010. A motion for new trial was filed on January 18, 2011. Pursuant to Texas Rule of Appellate Procedure

26.1, appellant's notice of appeal was due on March 22, 2011, but was not filed until March 30, 2011.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On April 6, 2011, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. On April 15, 2011, appellant filed a "Motion for Extension of Time to File Appellant's Timely Perfected Appeal" requesting sixty days to hire an appellate attorney and "prepare a timely perfected appeal." The Court granted appellant's motion until June 17, 2011. On several occasions thereafter, the Clerk of the Court contacted appellant's attorney regarding the status of filing a motion for extension of time to file notice of appeal.

On December 12, 2011, the Clerk of this Court again notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been

2

received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect her appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
26th day of January, 2012.

3