

NUMBER 13-11-00753-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHAWN ABRIGO, ET AL.,                                          APPELLANTS,

v.

FORMOSA PLASTICS CORP., TEXAS, ET AL.,                    APPELLEES.

### On Appeal from the 24th District Court
### of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion Per Curiam**

Appellants, Shawn Abrigo, et al., attempted to perfect an appeal from a judgment entered by the 24th District Court of Calhoun County, Texas, in cause number 08-03-0449. We dismiss for want of jurisdiction.

Judgment in this cause was signed on August 4, 2011. The trial court denied a motion to reinstate on November 3, 2011. Appellants filed a notice of appeal on December 5, 2011. On January 9, 2012, the Clerk of this Court notified appellants that it appeared that the appeal was not timely perfected. Appellants were advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellants have responded that they withdraw the point of appeal regarding the trial court's order dismissing for want of prosecution, but "will proceed with the issue whether the trial court erred in denying Plaintiff's motion to reinstate signed by the trial court on November 3, 2011."

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing; it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

2

Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on November 2, 2011, but was not filed until December 5, 2011. Appellants' notice of appeal states that they desire to appeal from the order of dismissal for want of prosecution signed on August 4, 2011, and the order denying the motion to reinstate signed on November 3, 2011. Texas Rule of Appellate Procedure 26.1 establishes the deadline for filing a notice of appeal based on the date that the judgment was signed and not from the date a motion to reinstate is denied. *See* TEX. R. APP. P. 26.1(a).

The Court, having examined and fully considered the documents on file and appellants' failure to timely perfect their appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
16th day of February, 2012.

3