

NUMBER 13-11-00759-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MISSION CONSOLIDATED ISD,                                  Appellant,

v.

ESPERANZA DIAZ, INDIVIDUALLY AND
AS NEXT FRIEND OF HER CHILD, CHRISTIAN DIAZ,       Appellee.

On Appeal from the 93rd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justice Rodriguez and Garza
Memorandum Opinion Per Curiam**

Appellant, Mission Consolidated ISD, attempted to perfect an appeal from an order

denying a plea to the jurisdiction entered by the 93rd District Court of Hidalgo County,

Texas, in cause number C-2309-09-B. The order in this cause was signed on November

4, 2011.

In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). The appellate court may extend the time to file the notice of appeal, if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. TEX. R. APP. P. 26.3; *see In re K.A.F.*, 160 S.W.3d 923, 926-27 (Tex. 2005). Appellant's notice of appeal was due to have been filed on or before November 28, 2011. However, appellant did not file his notice of appeal until December 2, 2011.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On December 5, 2011, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. On January 13, 2012, the Court granted appellant's motion for extension of time to cure defect to perfect appeal, giving appellant

until January 30, 2012, to cure the defect. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect the appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
15th day of March, 2012.

3