

NUMBER 13-12-00438-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT H. TWIST,                                            Appellant,

v.

HOCHHEIM PRAIRIE FARM MUTUAL
INSURANCE ASSOCIATION, ET AL.,            Appellees.

On Appeal from the 275th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion Per Curiam**

Appellant, Robert H. Twist, attempted to perfect an appeal from a judgment entered by the 275th District Court of Hidalgo County, Texas, in cause number C-2249-10-E. We dismiss for want of jurisdiction.

Judgment in this cause was signed on March 19, 2012. A motion for new trial was filed on April 10, 2012. Appellant filed a notice of appeal on July 5, 2012.

On July 17, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On July 20, 2012, appellees filed a motion to dismiss for lack of jurisdiction. Appellant has not filed a response.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

Appellant timely filed a motion for new trial. Therefore, his notice of appeal was due to have been filed on or before June 18, 2012. Appellant's notice of appeal was not

filed until July 5, 2012, which is outside the fifteen days set forth in rule 26.1. *See* TEX. R. APP. P. 26.1(a).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellees' motion to dismiss is GRANTED. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All pending motions are likewise DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Delivered and filed the
21st day of August, 2012.

3