NO. 07-04-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 26, 2004

_____

CHRISTY and RICKEY WOODARD,

Appellants

v.

DR. ROBERT W. HIGGINS and PANHANDLE
SPORTS MEDICINE INSTITUTE,

Appellees

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,412-E; HON. ABE LOPEZ, PRESIDING

_____

*Order of Dismissal*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Christy and Rickey Woodard appeal from an order dismissing their cause against Dr. Robert W. Higgins and Panhandle Sports Medicine Institute. We dismiss the appeal for lack of jurisdiction.

The order granting dismissal was signed on May 10, 2004. No motion for new trial was filed. Furthermore, the notice of appeal received by the trial court clerk contains a file

mark of June 11, 2004, and the certificate of service executed by counsel for the Woodards discloses that the document was mailed to this court and opposing counsel on June 11, 2004. Because the deadline to perfect an appeal was June 9, 2004, the notice of appeal appeared untimely. TEX. R. APP. P. 26.1 (stating that one must file a notice of appeal within 30 days of the date the final order is signed, unless that deadline has been extended by motion or rule of procedure). Furthermore, no motion (timely or otherwise) to extend the June 9th deadline was received by this court.

By letter dated July 12, 2004, we directed appellants to explain why the notice of appeal was late or why they believed it to be timely. The explanation was due by July 22, 2004. They were also told that the failure to comply with this directive may result in the dismissal of the appeal. To date, no response has been received.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.). If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding. *Id.* However, the aforementioned deadline may be extended if, within 15 days after it expires, a notice of appeal is tendered to the court clerk along with a motion requesting an extension. TEX. R. APP. P. 26.3. Additionally, the motion must contain, among other things, a recitation of the facts relied on to reasonably explain the need for an extension. TEX. R. APP. P. 10.5(b)(1)(C). And, while we are to imply that a motion to extend has been filed when a litigant merely tenders a notice of appeal within the 15-day time period, *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), appellants must still reasonably justify their need for an extension. *Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex. App.--Amarillo 1999, writ denied). It is not enough to simply file a notice of appeal.

2

Since the notice of appeal at bar was filed after the June 9th deadline and the appellants did not explain or justify the delay as per our directive, we conclude that they failed to timely perfect their appeal. *Bixby v. Bice,* 992 S.W.2d 615, 616 (Tex. App.--Waco 1999, no pet.)*; Miller v. Greenpark Surgery Center Assoc.*, 974 S.W.2d 805 (Tex. App.--Houston [14th Dist.] 1998, no writ) (dismissing because no explanation was offered).

Accordingly, we dismiss the appeal for want of jurisdiction.

Brian Quinn
Justice

3