

NUMBER 13-07-00625-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN JENNINGS,                                                    **Appellant**,

**v.**

SOLUTION STRATEGIES, LLC,                              **Appellee**.

**On Appeal from the 126th District Court of Travis County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion Per Curiam**

Appellant, John Jennings, pro se, attempted to perfect an appeal from a judgment entered by the 126th District Court of Travis County, Texas, in cause number D-1-GN-06-004182. Appellant's notice of appeal was due on September 10, 2007, but was not filed until September 13, 2007.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On October 26, 2007, by facsimile and regular mail, and again on November 16, 2007, by certified mail, the Clerk of this Court notified appellant that the appeal did not appear to have been timely filed so that steps could be taken to correct the defect, if it could be done. The Clerk informed appellant that the appeal would be dismissed if the defect was not cured after the expiration of ten days from the date of receipt of this letter. Although appellant received this notification, appellant did not correct this defect, file a motion for extension of time to file the notice of appeal with a reasonable explanation for the delay, or otherwise respond to the Court's notice.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* Tex. R. App. P. 42.3(a),(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 17th day of July, 2008.

2