

NUMBERS 13-08-00368-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

IRMA AGUERO, ET AL.,                                          APPELLANTS,

v.

AMERICAN & EFIRD, INC., ET AL.,                         APPELLEES.

On Appeal from the 389th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela**
**Memorandum Opinion Per Curiam**

Appellants, Irma Aguero, et al., attempted to perfect an appeal from an order entered by the 389th District Court of Hidalgo County, Texas, in cause number C-1691-03-H. The Order Granting Defendant's 09/21/07 Motion to Dismiss Certain Plaintiffs and Plaintiff-Intervenors for failure to Answer Defendants' Master Interrogatories was signed on February 19, 2008. Appellants filed a motion for Court to Reconsider Order of

Dismissal or, in the Alternative, Motion to Reinstate or Motion for New Trial on March 26, 2008. Appellants' motion for new trial was not filed within thirty days after February 19, 2008. *See* TEX. R. CIV. P. 329b(a).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on March 20, 2008, but was not filed until May 9, 2008. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On June 10, 2008, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellants providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect their appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

2

PER CURIAM

Memorandum Opinion delivered
and filed this the 21st day of August, 2008.