

# NUMBER 13-08-400-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PROGRESO CO-OP GIN, INC.,                                    Appellant,

v.

CINTAS CORPORATION,                                          Appellee.

## On appeal from County Court at Law No. 4 of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion Per Curiam**

Appellant, Progreso Co-Op Gin, Inc., attempted to perfect an appeal from an order entered by the County Court at Law No. 4 of Hidalgo County, Texas, in cause number CL-05-1885-D. The order subject to appeal, a Take Nothing Judgment, was signed on April 3, 2008, but the notice of appeal was not filed until May 20, 2008.

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on May 5, 2008. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. See *Verburgt v. Dorner,* 959 S.W.2d 615, 617-18, 619 (Tex. 1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On June 23, 2008, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 29th day of August, 2008.