NUMBER 13-08-400-CV 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

PROGRESO CO-OP GIN, INC., Appellant,


v.



CINTAS CORPORATION, Appellee. 

_____________________________________________________________


On appeal from County Court at Law No. 4 of Hidalgo County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam


 Appellant, Progreso Co-Op Gin, Inc., attempted to perfect an appeal from an order 
entered by the County Court at Law No. 4 of Hidalgo County, Texas, in cause number
CL-05-1885-D. The order subject to appeal, a Take Nothing Judgment, was signed on
April 3, 2008, but the notice of appeal was not filed until May 20, 2008. 

 Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal
was due on May 5, 2008. A motion for extension of time is necessarily implied when an
appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule
26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for
extension of time. See Verburgt v. Dorner, 959 S.W.2d 615, 617-18, 619 (Tex. 1997)
(construing the predecessor to Rule 26). However, appellant must provide a reasonable
explanation for the late filing: it is not enough to simply file a notice of appeal. Id.; Woodard
v. Higgins, 140 S.W.3d 462, 462 (Tex. App.-Amarillo 2004, no pet.); In re B.G., 104
S.W.3d 565, 567 (Tex. App.-Waco 2002, no pet.).

 On June 23, 2008, the Clerk of this Court notified appellant of this defect so that
steps could be taken to correct the defect, if it could be done. Appellant was advised that,
if the defect was not corrected within ten days from the date of receipt of this Court's letter,
the appeal would be dismissed. To date, no response has been received from appellant
providing a reasonable explanation for the late filing of the notice of appeal.

 The Court, having examined and fully considered the documents on file, appellant's
failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice,
is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly,
the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App. P.
42.3(a)(c).

 PER CURIAM

Memorandum Opinion delivered and

filed this the 29th day of August, 2008.