

NUMBER 13-10-00143-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN LIMON, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF ELIDA LIMON, DECEASED,                                    Appellant,

v.

RODOLFO GUERRERO, M. D.,                                     Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion Per Curiam**

Appellant, Juan Limon, individually and as personal representative of the estate of

Elida Limon, deceased, attempted to perfect an agreed appeal of an interlocutory order

entered by the 93rd District Court of Hidalgo, County, Texas, in cause no. C-546-07-B.

*See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014 (d); TEX. R. APP. P. 28.2.   The trial court signed a written order granting permission to appeal on February 24, 2010.   Appellant's notice of appeal was due on March 16, 2010, but was not filed until March 23, 2010.

Texas Rule of Appellate Procedure 28.2 provides that an appeal is perfected when notice of appeal is filed within twenty days after the date the trial court signs a written order granting permission to appeal, unless the court of appeals extends the time for filing pursuant to Rule 26.3.   A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time.   *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26).   However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal.   *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On March 25, 2010, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed.   To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of

jurisdiction.  Accordingly,  the  appeal  is  hereby  DISMISSED  FOR  WANT  OF

JURISDICTION.   *See* TEX. R. APP. P. 42.3(a)(c).


PER CURIAM

Delivered and filed the
5th day of August, 2010.

3