

**NUMBER 13-10-00433-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM G. HOLLOWAY,                                              APPELLANT,

v.

IRMA CANTU HOLLOWAY,                                             APPELLEE.

On Appeal from the 444th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Yañez, Garza, and Benavides
Memorandum Opinion Per Curiam

Appellant, William G. Holloway, attempted to perfect an appeal from a judgment entered by the 444th District Court of Cameron County, Texas, in cause number 1988-12-7528-H. Judgment in this cause was signed on March 29, 2010. A motion for new trial was filed on April 28, 2010. Pursuant to Texas Rule of Appellate Procedure

26.1, appellant's notice of appeal was due on June 28, 2010, but was not filed until July 26, 2010.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On August 4, 2010, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant responded by filing an "Amended Motion to Cure Defect is Notice of Appeal," stating that appellant did not know whether a motion for new trial was granted until July 23, 2010, when he went to the District Clerk's office. Appellant asserts that the earliest he could have filed a notice of appeal was within ninety days of that date and by filing his notice of appeal within those ninety days,

2

he has effectively cured any defect in his notice of appeal. Appellee has filed a motion to dismiss for want of jurisdiction, notice of defect in notice of appeal that cannot be corrected, and response to motion to cure defect.

Although appellant has responded with an explanation regarding filing the notice of appeal, appellant's notice of appeal was filed beyond the fifteen-day grace period provided by rule 26.3. The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant's amended motion to cure defect is DENIED. Appellee's motion to dismiss for want of jurisdiction is GRANTED. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
21st day of October, 2010.