NUMBER
13-11-00184-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

MEZA SIERRA
ENTERPRISES, INC.

AND VALDEMAR MEZA,                                                           Appellants,

 

                                                             v.

 

KINGDOM FRESH PRODUCE,
INC.,                        Appellee.

____________________________________________________________

 

                           On
appeal from the 92nd District Court 

                                       of
Hidalgo County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

             Before Chief
Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion
Per Curiam

 








Appellants,
Meza Sierra Enterprises, Inc. and Valdemar Meza, attempted to perfect an appeal
from a judgment entered by the 92nd District Court of Hidalgo County, Texas, in
cause number C-1990-09-A.  We dismiss for want of jurisdiction.

 

A
notice of appeal was filed on April 5, 2011.  On April 14, 2011, the Clerk of
this Court notified appellants that the notice of appeal was not in compliance
with Texas Rule of Appellate Procedure 25.1(d)(2) because the notice of appeal
gave a procedural background listing numerous motions and orders, but did not
state the date of the judgment or order appealed from.  In response, appellants
filed a “Supplement to Notice of Appeal” stating that the judgment or order
appealed from was originally signed on April 19, 2010, and that “[t]he deadline
to appeal was extended by several motions and mandamus petitions indicated in
the Notice of Appeal.”

On
May 3, 2011, the Clerk of this Court notified appellants that the appeal did
not appear to have been timely perfected and that steps needed to be taken to
correct the defect, if it could be done.  Appellants were advised that, if the
defect was not corrected within ten days from the date of receipt of this
Court’s letter, the appeal would be dismissed.  To date, no response has been
received from appellants providing a reasonable explanation for the late filing
of the notice of appeal.

Texas
Rule of Appellate Procedure 26.1 provides that an appeal is perfected when a notice
of appeal is filed within thirty days after the judgment is signed, unless a
motion for new trial is timely filed. 
Tex. R. App. P. 26.1(a)(1).  Where a timely motion for new trial or
motion to reinstate has been filed, the notice of appeal shall be filed within
ninety days after the judgment is signed.  Tex.
R. App. P. 26.1(a).  

A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen‑day grace period provided by Rule 26.3 for filing
a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617‑18, 619 (1997) (construing the predecessor to Rule 26).  However,
appellant must provide a reasonable explanation for the late filing: it is not
enough to simply file a notice of appeal.  Id.; Woodard v. Higgins,
140 S.W.3d 462, 462 (Tex. App.BAmarillo 2004, no pet.); In re B.G.,
104 S.W.3d 565, 567 (Tex. App.BWaco 2002, no pet.).

            Appellants’
notice of appeal, filed almost twelve months after a final judgment was entered
was untimely, and accordingly, we lack jurisdiction over the appeal.  The times
for filing a notice of appeal are jurisdictional, and absent a timely filed
notice of appeal or an extension request, we must dismiss the appeal.  See Tex. R. App. P. 2, 25.1(b), 26.3; Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension
period has passed, a party can no longer invoke an appellate court's jurisdiction).        


The
Court, having examined and fully considered the documents on file and
appellants’ failure to timely perfect their appeal, is of the opinion that the
appeal should be dismissed for want of jurisdiction.  Accordingly, the appeal is
hereby DISMISSED FOR WANT OF JURISDICTION.  See Tex. R. App. P. 42.3(a),(c).

 

PER CURIAM

Delivered and filed the

16th day of June, 2011.