

**NUMBER 13-12-00218-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**ERNESTINA ESPINOZA,** **APPELLANT,**

**v.**

**HECTOR DE LA GARZA,** **APPELLEE.**

---

**On appeal from the County Court at Law No. 1
of Cameron County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Ernestina Espinoza, attempted to perfect an appeal from a judgment entered by the County Court at Law No. 1 of Cameron County, Texas, in cause number 2008-CCL-0862-A. We dismiss for want of jurisdiction.

Summary Judgment in this cause was signed on December 14, 2011. A motion for new trial was filed on January 13, 2012, and was denied by the trial court on March 6, 2012. Appellant filed a notice of appeal on April 2, 2012, stating she was appealing from an order dated March 6, 2012. On April 10, 2012, the Clerk of this Court notified appellant that it appeared that the order was not appealable. In response, appellant filed an amended notice of appeal on April 17, 2012, citing the order from which she was appealing was dated December 14, 2011.

On May 7, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On May 18, 2012, appellant filed an unopposed "Response to Court Communication and Alternatively, Motion for Extension of Time to File Motion for Extension to File Notice of Appeal." Appellant requests that this court consider her appeal timely filed from the March 6, 2012, order or, alternatively, grant an extension to file the notice of appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time.

2

*See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

Texas Rule of Appellate Procedure 26.1 establishes the deadline for filing a notice of appeal based on the date that the judgment was signed and not from the date a motion for new trial is denied. *See* TEX. R. APP. P. 26.1(a). Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on March 14, 2012. Although appellant has responded with an explanation regarding her late filing of the notice of appeal, appellant's notice of appeal was filed beyond the fifteen-day grace period provided by rule 26.3.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant's motion for extension of time to file notice of appeal is DENIED. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
28th day of June, 2012.

3