

**NUMBER 13-12-00304-CV**

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

AMAZONIA RESTAURANT BAR
AND LOUNGE, L.L.C.,                                                    Appellant,

v.

CINTAS CORPORATION,                                                    Appellee.

### On appeal from the 444th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Amazonia Restaurant Bar and Lounge, L.L.C., attempted to perfect an

appeal from a judgment entered by the 444th District Court of Cameron County, Texas, in

cause number 2010-DCL-3119-H. Judgment in this cause was signed on January 25,

2012. A motion for new trial was filed on February 21, 2012. Pursuant to Texas Rule of

Appellate Procedure 26.1, appellant's notice of appeal was due on April 24, 2012, but was not filed until April 25, 2012.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On May 2, 2012, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect its appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
19th day of July, 2012.

2