

## NUMBER 13-12-00636-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**STRATEGIC FUTURE INVESTMENTS, L.L.C.
AND JUANITA INEZ CANO,**                                    **Appellants,**

**v.**

**GARSTIVA INVESTMENTS, L.L.C.,**                                    **Appellee**.

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion Per Curiam**

Appellants, Strategic Future Investments, L.L.C. and Juanita Inez Cano, attempted to perfect an appeal from a judgment entered by the 93rd District Court of Hidalgo County, Texas, in cause number C-3793-10-B-1. Judgment in this cause was signed on June 14, 2012. No motion for new trial was filed.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.ʙAmarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.ʙWaco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on July 16, 2012[1], but was not filed until October 17, 2012. On October 22, 2012, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellants.

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect their appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of

---

[1] Because the thirtieth day fell on a Saturday, appellants had until the following Monday, July 16, 2012 to file the notice of appeal. *See* TEX. R. APP. P. 4.1.

jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the 13th
day of December, 2012.