

NUMBER 13-12-00330-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GLORIA MOODY INGLIS, **Appellant,**

**v.**

PAT CARTER AND THE ESTATE OF
DALTON R. CLEMENTS, **Appellees.**

**On appeal from the 24th District Court
of Calhoun County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion Per Curiam**

This appeal was abated by this Court on June 4, 2012, and the parties were ordered to mediation. This cause is now before the Court on appellant's unopposed motion to reinstate because a settlement cannot be reached. Accordingly, appellant's motion to reinstate is GRANTED and this case is hereby REINSTATED.

Appellant, Gloria Moody Inglis, attempted to perfect an appeal from a judgment entered by the 24th District Court of Calhoun County, Texas, in cause number 11-5-1323.

Judgment in this cause was signed on January 26, 2012. A motion for new trial was filed on February 13, 2012. Appellant filed a notice of appeal on May 14, 2012. On May 15, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. On May 21, 2012, appellant filed a motion to extend time for filing notice of appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on April 25, 2012, but was not filed until May 14, 2012. Although appellant's motion to extend time for filing notice of appeal states that appellant sent the notice of appeal on May 11, 2012, the fifteen-day grace period expired on May 10, 2012.

2

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant's motion to extend time for filing notice of appeal is hereby DENIED. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
25th day of April, 2013.