

**NUMBER 13-13-00598-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**GREGORY WADE MCLEAN AND/OR ALL OTHER
OCCUPANTS OF 2135 N FM 2184, ROGERS, TX,**                    **Appellant,**

**v.**

**DLJ MORTGAGE CAPITAL INC., A DELAWARE
CORP., ITS SUCCESSORS AND ASSIGNS,**                    **Appellee.**

---

**On appeal from the County Court at Law No. 3
of Bell County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Gregory Wade McLean and/or all other occupants of 2135 N FM 2184,

Rogers, TX, attempted to perfect an appeal from a judgment entered by the County Court

at Law No. 3 of Bell County, Texas, in cause number 73,980.[1]  Judgment in this cause was signed on April 19, 2013.  No motion for new trial was filed.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.1(a)(1).  Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed.  TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26).  However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal.  *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.--Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App. --Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on May 29, 2013, but was not filed until June 6, 2013.  On December 9, 2013, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done.  Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

be dismissed. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction.    Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.    *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the 20th
day of February, 2014.

3