

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00046-CV

MARCUS A. TAVIRA, APPELLANT

V.

TEXAS DEPT. OF CRIMINAL JUSTICE AND
T & J WILLIS EQUIPMENT RENTAL AND SALES, INC., APPELLEES

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 10163, Honorable Stuart Messer, Presiding

April 23, 2014

## ORDER

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The clerk's record in this appeal has been filed. On April 8, 2014, the Court issued an order by letter seeking information bearing on its jurisdiction. Appellees Texas Department of Criminal Justice and T & J Willis Equipment Rental and Sales, Inc., and appellant Marcos Anthony Tavira responded to our April 8 order.[1] After further

---

[1] It appears J.L.G. Industries, Inc. a/k/a JLG Industries, Inc., remains a defendant in trial court cause number 10163. This entity has taken no action here or in the trial court relevant to the matters addressed by this order.

considering the clerk's record and those parties' responses, the Court has identified three issues requiring the parties' prompt attention.

First, with its response TDCJ provided a copy of a signed November 12, 2013 order granting its plea to the jurisdiction and with its response Willis provided a copy of a signed November 14, 2013 order granting a summary judgment in its favor. But the orders do not appear in the clerk's record. Despite inquiries, the Court has no indication either order was presented for filing.

An appellate court may generally not consider matters outside the appellate record. *In the Interest of M.S.,* 115 S.W.3d 534, 546 (Tex. 2003); *Kohutek v. Kohutek,* No. 07-10-0143-CV, 2011 Tex. App. LEXIS 7585, at *14 n.8 (Tex. App.—Amarillo Sept. 16, 2011, no pet.) (mem. op.). While we may consider documents from outside the record for the limited purpose of determining our own jurisdiction, TEX. GOV'T CODE ANN. § 22.220(c) (West Supp. 2013), we decline to do so here because of the absence of affidavits and because of the availability of the procedure under appellate rule 34.5(e). TEX. R. APP. P. 34.5(e).

Pursuant to appellate rule 34.5(e), the Court directs the parties to confer among themselves, and with the trial court if necessary, to determine whether the original November 12 and November 14 orders are lost. If either order is lost, the parties shall further confer concerning the accuracy of the copies produced by TDCJ and Willis. If the parties agree to the accuracy of the copies, they shall so stipulate in writing, and file an original stipulation with copies of the orders attached in trial court cause numbers 10163 and 10357. If the parties are unable to agree as to either order, the trial court

shall conduct a hearing to determine what constitutes an accurate copy of each order. It shall then render and sign a written order stating the correct substance of each order. *See* TEX. R. APP. P. 34.5(e). Whether by agreement, resulting in a stipulation with attachments, or by trial court proceeding, resulting in a signed order, the proper instrument shall be included in a supplemental clerk's record in cause number 10163 and filed in appellate case number 07-14-00046-CV. The supplemental clerk's record shall be filed as promptly as feasible, and in no event later than 20 days from the date of this order.

Second, on January 29, 2014, the trial court severed Mr. Tavira's case against Willis into cause number 10357. Although Mr. Tavira seeks to appeal the grant of summary judgment in favor of Willis, a record from cause number 10357 was not brought forward on appeal. The appeal of cause number 10357 will henceforth bear appellate case number 07-14-00157-CV. In addition to the items specified in the trial court's January 29 severance order, the record brought forward for filing in case number 07-14-00157-CV shall include, Mr. Tavira's December 13, 2013 notice of appeal, the previously mentioned agreement or order under appellate rule 34.5(e), and any other item requested by a party. *See* TEX. R. APP. P. 34.5(b). Mr. Tavira shall make payment arrangements acceptable with the clerk for preparation of the record in cause number 10357 within ten days of the date of this order. The clerk shall file the record from cause number 10357 in appellate case number 07-14-00157-CV within twenty days of the date a stipulation or order under appellate rule 34.5(e) is filed.

Third, if, as appears, the trial court signed the order granting TDCJ's plea to the jurisdiction on November 12, 2013, Mr. Tavira's notice of interlocutory appeal appears

3

untimely. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8) (West Supp. 2013) (appeal from interlocutory order granting or denying plea to the jurisdiction); TEX. R. APP. P. 28.1(a) (accelerated appeal of interlocutory order); TEX. R. APP. P. 26.1(b) (notice of appeal in accelerated appeal must be filed within twenty days of appealable order). However, the fifteen-day extension authorized by appellate rule 26.3 also may apply. TEX. R. APP. P. 26.3. If so, a motion for extension of time is implied. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). If Mr. Tavira is relying on the fifteen-day extension under rule 26.3, he must file a reasonable explanation of his need for an extension of time. *Woodard v. Higgins,* 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); TEX. R. APP. P. 10.5(b). The written explanation must be filed within ten days of the date the previously-referenced stipulation or trial court order under appellate rule 34.5(e) is filed with the clerk of the trial court. Mr. Tavira's failure to comply will result in dismissal of his interlocutory appeal in case number 07-14-00046-CV. TEX. R. APP. P. 42.3(a) and (c).

The abatement created by the Court's order of April 8, 2014 is dissolved.

It is so ordered.

Per Curiam

4