

NUMBER 13-14-00694-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALBERTO R. GARZA AND
LETICIA I. GARZA, AS NEXT
FRIENDS OF ALEXANDRA I.
GARZA AND KASSANDRA R.
GARZA,                                                    Appellants,

v.

BURCH CONSTRUCTION, INC.,                                 Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion Per Curiam**

Appellants, Alberto R. Garza and Leticia I. Garza, as next friends of Alexandra I.

Garza and Kassandra R. Garza, attempted to perfect an appeal from a judgment entered

by the 92nd District Court of Hidalgo County, Texas, in cause number C-928-08-A. Judgment in this cause was signed on September 15, 2014.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on October 15, 2014, but was not filed until December 2, 2014. On December 3, 2014, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellants.

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect their appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).


PER CURIAM

Delivered and filed the
22nd day of January, 2015.