

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-15-00028-CV

REAGAN NATIONAL ADVERTISING OF AUSTIN, INC., APPELLANT

V.

CITY OF AUSTIN AND GREG GUERNSEY, IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF PLANNING AND DEVELOPMENT REVIEW, APPELLEES

On Appeal from the 250th District Court
Travis County, Texas
Trial Court No. D-1-GN-13-002477, Honorable Gisela D. Triana, Presiding

March 16, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the motion to dismiss of appellees City of Austin and Greg Guernsey contending that we have no jurisdiction over this appeal. A final order was signed on September 15, 2014. Appellant Reagan National Advertising of Austin, Inc. filed a motion for new trial on October 16, 2014, thirty-one days after the judgment was signed. Notice of appeal was filed on December 5, 2014.

A timely notice of appeal is necessary to invoke our jurisdiction. *Woodard v. Higgins*, 140 S.W.3d 462 (Tex. App.—Amarillo 2004, no pet.). A notice of appeal must

be filed within thirty days after the judgment is signed, or within ninety days after the judgment is signed if a timely motion for new trial is filed.[1] TEX. R. APP. P. 26.1(a)(1). A motion for new trial must be filed within thirty days of the signing of the judgment. TEX. R. CIV. P. 320b(a). Applying these rules to the circumstances at bar (and after affording appellant an opportunity to address the matter in which it conceded that its notice of appeal was not timely), we conclude that the motion for new trial was late, the deadline by which an appellant had to file its notice of appeal was not extended, the notice of appeal at bar was filed late, and we have no jurisdiction over this appeal.[2]

Accordingly, we dismiss the appeal for want of jurisdiction.


Per Curiam

---

[1] The deadline for the notice of appeal may be extended if, within fifteen days after it expires, a notice of appeal is tendered to the court clerk along with a motion requesting an extension. TEX. R. APP. P. 26.3. Even considering that extended period, the notice of appeal was still untimely.

[2] Appellant suggests that this court extend the ruling in *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997) to the circumstances before us. *Verburgt* applied to the timeliness of a notice of appeal. Involved here, though, is the timeliness of a motion for new trial. The ability to extend that deadline is quite limited, *see* TEX. R. CIV. P. 5 (stating that a trial court may not enlarge the period for taking any action under the rules relating to new trials except as stated in the rules of civil procedure), and appellant did not cite us to a rule of civil procedure allowing us to extend the 30-day deadline encompassed by Texas Rule of Civil Procedure 329b(a). Should our Supreme Court wish to imply a basis for extending the deadlines applicable to motions for new trial, as it did in *Verburgt* regarding motions to extend the time to file a notice of appeal, it alone has such authority.