

NUMBER 13-16-00163-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESUS TORIBIO GUTIERREZ,                                           Appellant,

v.

SAN JUANITA GUTIERREZ,                                             Appellee.

### On appeal from the County Court at Law
### of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Jesus Toribio Gutierrez, attempted to perfect an appeal from a final decree of divorce entered by the County Court of Kleberg County, Texas, in cause number 15-025-C. We dismiss for want of jurisdiction.

Judgment in this cause was signed on November 19, 2015. A motion for new trial was filed on December 10, 2015, and notice of appeal was filed on March 4, 2016. On

March 24, 2016, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.* 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (1997) (construing the predecessor to rule 26.1). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on February 17, 2016, but was not filed until March 4, 2016. Appellant's notice of appeal refers to an order entered on February 8, 2016, denying the motion for new trial. Texas Rule of Appellate Procedure 26.1 establishes the deadline for filing a notice of

2

appeal based on the date that the judgment was signed and not from the date of an order denying a motion for new trial. *See* TEX. R. APP. P. 26.1(a).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
21st day of April, 2016.