

**NUMBER 13-16-00133-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RAYMOND TRENT PETEREK,**                                          **Appellant,**

**v.**

**MELISSA JEAN ALLISON,**                                          **Appellee.**

---

**On appeal from County Court at Law
of Aransas County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam**

Appellant, Raymond Trent Peterek, attempted to perfect an appeal from a final decree of divorce entered by the County Court of Aransas County, Texas, in cause number A-15-7029-FL. We dismiss for want of jurisdiction.

Judgment in this cause was signed on November 30, 2015. Appellant filed a notice of appeal on February 26, 2016 and a motion for new trial on March 1, 2016. On February 29, 2016, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. To date, no response has been received from appellant.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.ʙWaco 2002, no pet.).

Appellants' motion for new trial was due on December 30, 2015. *See* TEX. R. CIV. P. 329b(a). The motion for new trial was untimely because it was filed on March 1, 2016. Therefore, appellant's notice of appeal was due to have been filed on or before December

2

30, 2015.  *See* TEX. R. APP. P. 26.1(a).   Appellant did not file his appeal until February 25, 2016.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction.   Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.   *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
19th day of May, 2016.

3