

# NUMBER 13-19-00459-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF A. J. C., A CHILD

**On appeal from the 156th District Court
of Bee County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Marlene Logan Carabajal proceeding pro se, attempted to perfect an appeal from an "Order for Further Remedy and Modification of Support Order (UIFSA)" entered by the 156th District Court of Bee County, Texas, in cause number B-16-1363-CV-B. We dismiss for want of jurisdiction.

Judgment in this cause was signed on July 15, 2019. No motion for new trial was filed. Appellant filed a notice of appeal on September 18, 2019. On September 20, 2019, the Clerk of this Court notified appellant that it appeared that the appeal was not timely

perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. To date, no response has been received from appellant.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on August 14, 2019, but was not filed until September 18, 2019. The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want

2

of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

GREGORY T. PERKES
Justice

Delivered and filed the
17th day of October, 2019.