

# NUMBERS 13-26-00381-CV, 13-26-00382-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF D.M.M., A JUVENILE

## ON APPEAL FROM THE 130TH DISTRICT COURT
## OF MATAGORDA COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Silva and Cron
### Memorandum Opinion by Justice Silva

This matter is before the Court on its own motion. On May 13, 2026, appellant D.M.M.[1] filed a notice of appeal attempting to appeal an April 22, 2026 order waiving exclusive original jurisdiction and transferring appellant's case to the appropriate district court to stand trial as an adult in cause numbers 25-016-J and 25-017-J. *See* TEX. FAM.

---

[1] To protect the identity of the juvenile, we refer to the juvenile by initials. *See* TEX. R. APP. P. 9.8(c)(1)(A) (providing that a juvenile must only be identified by an alias in an appeal arising out of a juvenile court).

CODE § 56.01(c)(1)(A); TEX. R. APP. P. 28.4. On May 14, 2026, the Clerk of the Court notified appellant that it appeared that the appeal was not timely perfected. *See* TEX. R. APP. P. 26.1(b). Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of the Court's directive. *See id.* R. 26.3, 42.3(a), (c).

The Texas Family Code provides that an appeal from an order of a juvenile court concerning the transfer of the juvenile to adult criminal court is generally governed by the rules of civil cases. *See* TEX. FAM. CODE § 56.01(a), (b), (c)(1)(A). This Court is bound by the Texas Rules of Appellate Procedure in juvenile cases. Appeals from an order certifying a child to stand trial as an adult are governed by the rules for accelerated appeals. *See* TEX. R. APP. P. 28.4(a)(1); TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. F app. The notice of appeal is due twenty days after the judgment is signed. TEX. R. APP. P. 26.1(b). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. *Id.* R. 26.3; *see In re K.A.F.*, 160 S.W.3d 923, 926–27 (Tex. 2005). We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). However, we are prohibited from enlarging the scope of our jurisdiction by expanding the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.).

2

Here, appellant's notice of appeal was filed on May 13, 2026, within the fifteen-day grace period after the trial court's order was signed on April 22, 2026. *See* TEX. R. APP. P. 26.3. Nonetheless, appellant must provide a reasonable explanation for the late filing, and it is not enough to simply file a notice of appeal. *See Verburgt*, 959 S.W.2d 617; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); TEX. R. APP. P. 26.3 (providing that appellate court may extend time to file notice of appeal if, within fifteen days of the deadline for filing, appealing party files its notice of appeal and accompanying motion). On May 31, 2026, appellant filed a response to the Court's directive providing an explanation for the late filing of the notice of appeal. However, even if we were to construe appellant's response as a motion for extension of time to file appeal, appellant filed her response after the fifteen-day grace period provided by Rule 26.3 had expired. *See* TEX. R. APP. P. 26.3.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of jurisdiction or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(a), (c). Because appellant's notice of appeal was untimely as to both causes, we lack jurisdiction over the appeals. Accordingly, we dismiss both causes in their entirety for want of jurisdiction. *See id.* 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of June, 2026.

3