

**NUMBER 13-13-00259-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**KEVIN SILVAS AND ROGELIO SARABIA JR.,** Appellants,

**v.**

**FARM BUREAU COUNTY MUTUAL INSURANCE
COMPANY OF TEXAS AND TEXAS FARM
BUREAU MUTUAL INSURANCE COMPANY,** Appellees.

---

On appeal from the 36th District Court
of San Patricio County, Texas.

---

**MEMORANDUM OPINION**

Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion Per Curiam

Appellants, Kevin Silvas and Rogelio Sarabia Jr., attempted to perfect an appeal from a judgment entered by the 36th District Court of San Patricio County, Texas, in cause number S-12-5292CV-A. Judgment in this cause was signed on January 18, 2013. A motion for new trial was filed on February 12, 2013. Pursuant to Texas Rule of

Appellate Procedure 26.1, appellants' notice of appeal was due on April 18, 2013, but was not filed until May 6, 2013.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.--Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.--Waco 2002, no pet.).

On May 17, 2013, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellants.

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect their appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
3rd day of July, 2013.

2