

# NUMBER 13-14-00055-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAMUEL PRATER,                                                      APPELLANT,

v.

GEICO D/B/A GEICO GENERAL INS. CO./
GEICO INDEMNITY CO./GEICO CASUALTY CO.,          APPELLEE.

### On Appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez, and Longoria
Memorandum Opinion Per Curiam**

Appellant, Samuel Prater, attempted to perfect an appeal from a judgment entered

by the 197th District Court of Cameron County, Texas, in cause number 2012-DCL-4190-

C.   We dismiss the appeal for want of jurisdiction.

The summary judgment subject to appeal in this cause was signed on August 14, 2013. On September 11, 2013, appellant filed a motion for new trial. Appellant filed his notice of appeal on January 23, 2014. On February 13, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's notice. On April 3, 2014, appellee filed a motion to dismiss this appeal for want of jurisdiction on grounds that the appeal was not timely perfected.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id. R.* 26.1(a). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 619 (Tex. 1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on November 12, 2013, but was not filed until January 23, 2014. The Court,

having examined and fully considered the documents on file and appellee's motion to dismiss, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, we GRANT appellee's motion to dismiss the appeal for want of jurisdiction and we DISMISS the appeal for want of jurisdiction.   *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
17th day of April, 2014.