

NUMBER 13-15-00282-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TERESIA O'RILEY,                                                                 Appellant,

v.

THOMAS REX FOREHAND,                                                         Appellee.

On appeal from the 36th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Teresia O'Riley, attempted to perfect an appeal from a judgment rendered against her in trial court cause number B-12-1092-CV-A in the 36th District Court of Bee County, Texas. A final "take-nothing" judgment was rendered against appellant on May 19, 2015 on her claims for breach of contract and deceptive trade

practices in favor of appellee, Thomas Rex Forehand. We dismiss the appeal for want of jurisdiction.

Appellant filed her notice of appeal in this cause on June 25, 2015. On June 30, 2015, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. More than ten days have passed, and appellant has not responded to the Court's notice.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a timely and appropriate post-judgment motion has been filed. TEX. R. APP. P. 26.1(a)(4). Where a post-judgment motion has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id.*

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Based upon the record before the Court, appellant's notice of appeal was due thirty days after the May 19, 2015 judgment was rendered. *See* TEX. R. APP. P. 26.1(a)(4). Accordingly, appellant's appeal was due on June 18, 2015. *See id.* Appellant filed her

notice of appeal on June 22, 2015; within the period of time in which we imply a motion for extension of time. *See Verburgt*, 959 S.W.2d at 617–19. However, appellant has failed to provide an explanation for the late filing. Accordingly, we lack jurisdiction over this appeal. *See id.*; *Woodard*, 140 S.W.3d at 462.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect her appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the 1st
day of September, 2015.