

NUMBER 13-18-000027-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ANGELITA SALAZAR,
A/K/A ANGIE SALAZAR,
F/K/A ANGIE GARZA,                                                    **Appellant,**

**v.**

**21ST MORTGAGE CORPORATION**,                                       **Appellee.**

---

On appeal from the 206th District Court
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Angelita Salazar a/k/a Angie Salazar f/k/a Angie Garza, attempted to

perfect an appeal from a judgment entered by the 206th District Court of Hidalgo County,

Texas, in cause number C-5003-15-D.   We dismiss for want of jurisdiction.

Judgment in this cause was signed on August 29, 2017. A motion to reconsider and vacate the judgment was filed on September 28, 2017. Appellant filed a notice of appeal and a "corrected" notice of appeal on January 12, 2018. On January 16, 2018, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. To date, no response has been received from appellant.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial or motion to modify the judgment is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to modify the judgment has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

2

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due November 27, 2017, but was not filed until January 12, 2018. Appellant's "corrected" notice of appeal states that the appellant's motion to reconsider and vacate the judgment was not ruled on and became final on December 15, 2017. Texas Rule of Appellate Procedure 26.1 establishes the deadline for filing a notice of appeal based on the date that the judgment was signed and not from the date a motion for reconsideration becomes final. *See* TEX. R. APP. P. 26.1(a).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

GINA M. BENAVIDES,
Justice

Delivered and filed the
8th day of March, 2018.