

# NUMBER 13-25-00576-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF O.W.

### ON APPEAL FROM THE 378TH DISTRICT COURT
### OF ELLIS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva**

This matter is before the Court on appellant O.W.'s motion for extension of time to file the notice of appeal. On October 24, 2025, appellant filed a notice of appeal attempting to appeal a September 24, 2025 order waiving exclusive original jurisdiction and transferring appellant's case to the appropriate district court to stand trial as an adult in

cause number 25-J-5085. *See* TEX. FAM. CODE ANN. § 56.01; TEX. R. APP. P. 28.4.[1] That same day, the Clerk of the Court notified appellant that it appeared that the appeal was not timely perfected. *See* TEX. R. APP. P. 26.1(b). Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of the Court's directive. *See id.* R. 26.3, 42.3(a), (c).

The Court is bound by the Texas Rules of Appellate Procedure in juvenile cases. Appeals from an order certifying a child to stand trial as an adult are governed by the rules for accelerated appeals. *See id.* R. 28.4(a)(1); TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. The notice of appeal is due twenty days after the judgment is signed. TEX. R. APP. P. 26.1(b) (requiring notice of appeal in accelerated case to be filed within twenty days after the judgment is signed). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. *Id.* R. 26.3; *see In re K.A.F.,* 160 S.W.3d 923, 926–27 (Tex. 2005). We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). However, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX.

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.).

Here, appellant's notice of appeal was filed on October 24, 2025, within the fifteen-day grace period after the trial court's order was signed on September 24, 2025. Nonetheless, appellant must provide a reasonable explanation for the late filing, and it is not enough to simply file a notice of appeal. *Verburgt*, 959 S.W.2d 617; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *see* TEX. R. APP. P. 26.3 (providing that appellate court may extend time to file notice of appeal if, within fifteen days of the deadline for filing, appealing party files its notice of appeal and accompanying motion.). On October 31, 2025, appellant filed a motion for extension of time providing an explanation for the late filing of the notice of appeal. However, appellant filed the motion after the fifteen-day grace period provided by Rule 26.3 had expired. *See* TEX. R. APP. P. 26.3.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of jurisdiction or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(a), (c). Because appellant's notice of appeal and subsequent motion for extension of time to file notice of appeal was untimely, we lack jurisdiction over the appeal. Accordingly, we dismiss both the motion and the entire cause for want of jurisdiction. *See id.* 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
20th day of November, 2025.

3