

# NUMBER 13-26-00316-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF THE MARRIAGE OF
## MALAKI POLITE HAWKINS AND HALE HORLEY HAWKINS

---

## ON APPEAL FROM THE 480TH DISTRICT COURT
## OF WILLIAMSON COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Justices Silva, Peña, and Fonseca
### Memorandum Opinion by Justice Silva

This matter is before the Court on appellant Hale Horley Hawkins's motion for extension of time to file notice of appeal and motion for extension of time to file brief.[1]

On December 4, 2025, the trial court signed a final decree of divorce. On December 10, 2025, appellant filed a motion for new trial "solely for the purpose of extending the appellate timetable and is not filed to challenge the substance of the

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

judgment or to request that it be altered or set aside." On March 9, 2026, appellant filed a notice of appeal attempting to appeal the divorce decree in trial court cause number 24-0077-F480. *See* TEX. R. APP. P. 26.1(a). On May 1, 2026, the Clerk of the Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the notice. *See id.* R. 42.3(a), (c). On May 5, 2026, appellant filed a motion for extension of time to file the appellate brief seeking an additional thirty days. On May 8, 2026, appellant filed a motion for extension of time to file the notice of appeal. *See id.* R. 26.3.

The Court is bound by the Texas Rules of Appellate Procedure. The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. *Id.* R. 26.3; *see In re K.A.F.*, 160 S.W.3d 923, 926–27 (Tex. 2005). We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). However, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.).

Here, appellant's notice of appeal was filed on March 9, 2026, within the fifteen-day grace period. Nonetheless, appellant must provide a reasonable explanation for the

2

late filing, and it is not enough to simply file a notice of appeal. *Verburgt*, 959 S.W.2d 617; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *see* Tex. R. App. P. 26.3 (providing that appellate court may extend time to file notice of appeal if, within fifteen days of the deadline for filing, appealing party files its notice of appeal and accompanying motion.). On May 8, 2026, appellant filed a motion for extension of time providing an explanation for the late filing of the notice of appeal. However, appellant filed the motion after the fifteen-day grace period provided by Rule 26.3 had expired. *See* Tex. R. App. P. 26.3.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of jurisdiction or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(a), (c). Because appellant's notice of appeal and subsequent motion for extension of time to file notice of appeal was untimely, we lack jurisdiction over the appeal. Accordingly, we dismiss both motions and the entire cause for want of jurisdiction. *See id.* 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of June, 2026.

3